# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   CV 16-645 LH/WPL
                                                 CR 02-1488 LH

MIGUEL TORRES,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Miguel Torres, through appointed counsel, filed a Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. (CV Doc. 1; CR Doc. 44.)[1] He argues that *Johnson v. United States*, 135 S. Ct. 2551 (2015), disqualifies the two prior felony convictions used to enhance his sentence under the residual clause of the Career Offender Guideline, U.S.S.G. § 4B1.2 (2002), and entitles him to resentencing. (*See* Doc. 1 at 9-16.) The United States filed a response. (Doc. 9.)

Torres also filed two other motions: a Motion for Release on Conditions (Doc. 11), to which the United States filed a response (Doc. 14), and he filed a reply (Doc. 15), and a pro se Motion for Judgment by Default (Doc. 16), to which the United States did not respond.

While these three motions were pending, the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). I issued an Order Directing the Parties to Confer and File a Joint Statement in Light of *Beckles*. (Doc. 18.) The parties filed the joint statement: the United States argued that *Beckles* "is dispositive of the issues in Mr. Torres' 2255 motion" (Doc. 19 at 1), while Torres argued that *Beckles* "applies only to sentences imposed pursuant to the advisory guidelines, post-*Booker*" (*id.* at 2).

---

[1] Documents filed in both cases are referenced by their docket number in the civil case.

The joint statement also asked for "a briefing schedule on the effect of *Beckles* on Mr. Torres' § 2255 motion." (*Id.* at 2.) I issued an order setting a briefing schedule. (Doc. 21.) The United States filed an amended response (Doc. 23), and Torres filed an amended reply (Doc. 24).

Because his claims may be resolved on the record alone, I have not conducted an evidentiary hearing. I recommend the Court deny all three pending motions.

## BACKGROUND

Torres pled guilty to a two-count information charging him with one count of possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and one count of distribution of less than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Presentence Report ("PSR") at 1; CR Docs. 13 at 2; 14 at 1.)

At sentencing, the Court adopted the PSR (CR Doc. 20 at 1), which classified Torres as a career offender under U.S.S.G. § 4B1.1(a) (2002) based on prior convictions for New Mexico Voluntary Manslaughter, in 1998, and New Mexico Accessory to Aggravated Battery with a Deadly Weapon, in 1999. (PSR at 6, 9-10.) Because of the career offense designation, his offense level was increased to 37. (*Id.* at 6.) After a three level reduction for acceptance of responsibility, his offense level was 34, and his criminal history category was VI. (*Id.*) His guideline imprisonment range was 262-327 months as to count one, and 240 months as to count two, with the terms to run concurrently. (*Id.* at 16; CR Doc. 20 at 1.) He was sentenced to 262 months of imprisonment on December 17, 2002 (CR Doc. 20 at 1), and Judgment was entered the same day (CR Doc. 19 at 1). He did not appeal his conviction.

The parties agree that, without the career offender designation, Torres's sentencing range would be 110-137 months. (*See* Doc. 9 at 2; Doc. 11 at 3.) They offer slightly different

calculations to reach this sentencing range: the United States says his offense level would be 25 with a criminal history category of VI, while Torres says 28 and VI, respectively. (*Id.*)

On November 28, 2003, Torres filed a pro se Motion to Vacate Illegal Sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. (CR Doc. 21 at 1.) The Court dismissed the motion. (CR Doc. 26 at 1.)

On May 25, 2016, Torres, through counsel, sought permission to file a successive § 2255 motion, seeking to argue that his career offender enhancement was unconstitutional after *Johnson*. (CR Doc. 41-1 at 1-2.) The Tenth Circuit granted the authorization. (CR Doc. 42 at 1.) Torres filed his motion on June 23, 2016. (Doc. 1.)

## DISCUSSION

Torres argues that his sentence violates the Due Process Clause of the Fifth Amendment because it was imposed under the residual clause of the then-mandatory career offender guideline, which contains the same language the Supreme Court found unconstitutionally vague in *Johnson*. (*See* Doc. 24 at 1, 17-18.) Torres notes that the sentencing guidelines were mandatory in 2002 when he was sentenced because the Supreme Court had not yet decided *Booker v. United States*, 543 U.S. 220 (2005), which effectively rendered the guidelines advisory. (*See id.* at 5-7.)

Three recent Supreme Court decisions addressing vagueness challenges are relevant. In 2015, in *Johnson*, the Supreme Court found unconstitutionally vague the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. 2563. In 2016, in *Welch v. United States*, the Court held that "*Johnson* announced a substantive rule that has retroactive effect in

3

cases on collateral review." 136 S. Ct. 1257, 1268 (2016). And this year, in *Beckles*, the Supreme Court held that the residual clause in U.S.S.G. § 4B1.2(a)(2), which is "identically worded" to the residual clause in the ACCA that was invalided in *Johnson*, is "not subject to vagueness challenges" because "advisory Guidelines do not fix the permissible range of sentences" but "merely guide the exercise of the court's discretion in choosing an appropriate sentence within the statutory range." 137 S. Ct. at 890.

A precise reading of the *Beckles* holding reveals that it addressed the constitutionality of advisory guidelines—which are distinct from mandatory guidelines in the pre-*Booker* era. Torres's motion challenges the constitutionality of a mandatory guideline. Justice Sotomayor's concurrence in *Beckles* notes that the decision "leaves open" the legal question Torres's motion presents—i.e., "whether defendants sentenced to terms of imprisonment before . . . *Booker* . . . during the period in which the Guidelines did fix the permissible range of sentences may mount vagueness attacks on their sentences." *Id.* at 903 n.4 (Sotomayor, J., concurring) (internal quotation, citation, and emphasis omitted).

Torres's argument is predicated on the announcement of a new, substantive, retroactive right in *Johnson*. He argues that he meets the "1-year limitation period" in 28 U.S.C. § 2255 because his motion satisfies section (f)(3), which states that "[t]he limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (*See* Doc. 1 at 4.)

Attempting to reconcile these two concepts—that *Beckles* left open whether sentences imposed under the mandatory, pre-*Booker* guidelines can be challenged as void for vagueness, but *Johnson*, decided two years earlier, recognized the right to modify a sentence increased under

4

the mandatory, pre-*Booker* guidelines and made the right retroactively applicable on collateral review—reveals that Torres's motion should be denied. Simply put, if a concurring opinion says the existence of a right remains an open question, and the majority opinion does not explicitly address the right, then the Supreme Court did not previously announce the existence of the same right.

In the few months since *Beckles*, the Tenth Circuit has not yet addressed this issue, and only one district court in the Tenth Circuit appears to have published an opinion on it. That decision—*Ellis v. United States*, 2017 WL 2345562 (D. Utah May 30, 2017)—reached the same conclusion. *See* 2017 WL 2345562, at *3 ("[T]he court concludes that *Johnson* does not apply to Mr. Ellis's case and that neither the Supreme Court nor the Tenth Circuit has directly recognized a right to modify a sentence increased under the residual clause of USSG § 4B1.2 before *Booker* . . . .").

Torres's remaining two motions should also be denied. The motion for release pending a decision in *Beckles* is moot. And Torres's pro se motion for default judgment is barred by the local rule prohibiting represented parties from filing motions in pending cases. *See* D.N.M.LR-Civ. 83.5 ("A party who is represented by an attorney may not personally make any filings, other than a notice of appeal, or represent himself or herself unless otherwise ordered.").

## CONCLUSION

Torres's § 2255 motion should be denied because *Johnson* did not address whether sentences imposed under the residual clause of the career offender guideline before *Booker* can be challenged as void for vagueness, and *Beckles* left the issue open, which precludes the argument that the Supreme Court previously recognized the right to modify a sentence enhanced under the residual clause of U.S.S.G. § 4B1.2 before *Booker* and made it retroactively applicable

5

to cases on collateral review. His motion for release on conditions should be denied as moot. And his motion for default judgment should be denied under the local rule prohibiting represented parties from filing pro se motions in pending cases.

I recommend that Torres's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 be denied and this case be dismissed with prejudice. I further recommend that the Court deny a Certificate of Appealability. *See* 28 U.S.C. § 2253(c).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.