IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                                  CV 16-645 LH/WPL
                                                                         CR 02-1488 LH

MIGUEL TORRES,

    Defendant/Movant.


**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (CV Doc. 25; CR Doc. 68)[1] and Defendant Miguel Torres's timely objections (Doc. 28).

After the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which found unconstitutionally vague the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), Torres received permission from the Tenth Circuit to file a successive § 2255 motion to argue that *Johnson* disqualified the two prior felony convictions used to enhance his sentence under the residual clause of the Career Offender Guideline, U.S.S.G. § 4B1.2 (2002). (CR Doc. 42 at 1-2.)

While his motion was pending before this Court, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the residual clause in U.S.S.G. § 4B1.2(a)(2), which is "identically worded" to the residual clause in the ACCA that was invalidated in *Johnson*, is "not subject to vagueness challenges" because "advisory Guidelines do not fix the permissible range of sentences" but "merely guide the exercise of the court's

---

[1] Documents filed in both cases are referenced by their docket number in the civil case.

discretion in choosing an appropriate sentence within the statutory range." *Id.* at 890, 892.

After *Beckles*, the parties submitted supplemental briefing to address the decision's effect on Torres's motion. (Doc. 19.) A threshold issue was whether the *Beckles* holding addresses sentences imposed during the era of mandatory guidelines, which were in effect when Torres was sentenced in 2002. (*Id.* at 1-2.) Torres argued that *Beckles* does not address mandatory guidelines, and *Johnson* remains directly on point. (Doc. 24 at 2-4.) The United States countered that *Beckles* forecloses Torres's argument because its reasoning extends to mandatory guidelines. (Doc. 23 at 4.)

The parties also disagreed about the meaning of footnote four of Justice Sotomayor's concurrence in *Beckles*, which states in full:

> The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)—that is, during the period in which the Guidelines did "fix the permissible range of sentences," ante, at 892—may mount vagueness attacks on their sentences. See Brief for Scholars of Criminal Law, Federal Courts, and Sentencing as *Amici Curiae* 33–34. That question is not presented by this case and I, like the majority, take no position on its appropriate resolution.

137 S. Ct. at 903 n.4. Torres argued that the footnote is irrelevant to the question of whether *Johnson* applies to his case (*see* Doc. 24 at 18), while the United States argued that the footnote reveals that the Supreme Court has not recognized the right Torres asserts (*see* Doc. 23 at 4).

In the PFRD, the Magistrate Judge tied together the habeas statute, *Johnson*, and *Beckles* as follows:

> Torres's argument is predicated on the announcement of a new, substantive, retroactive right in *Johnson*. He argues that he meets the "1-year limitation period" in 28 U.S.C. § 2255 because his motion satisfies section (f)(3), which states that "[t]he limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

2

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (*See* Doc. 1 at 4.)
>
> Attempting to reconcile these two concepts—that *Beckles* left open whether sentences imposed under the mandatory, pre-*Booker* guidelines can be challenged as void for vagueness, but *Johnson*, decided two years earlier, recognized the right to modify a sentence increased under the mandatory, pre-*Booker* guidelines and made the right retroactively applicable on collateral review—reveals that Torres's motion should be denied. Simply put, if a concurring opinion says the existence of a right remains an open question, and the majority opinion does not explicitly address the right, then the Supreme Court did not previously announce the existence of the same right.

(Doc. 25 at 4-5.) The Magistrate Judge also cited a recent published case from the District of Utah that concluded that "neither the Supreme Court nor the Tenth Circuit has directly recognized a right to modify a sentence increased under the residual clause of USSG § 4B1.2 before *Booker* . . . ." *Ellis v. United States*, 2017 WL 2345562, at *3 (D. Utah May 30, 2017).

In his objections to the PFRD, Torres argues that "*Beckles* nowhere holds that *Johnson* does not apply to the mandatory guidelines, and in fact its reasoning makes clear that it does." (Doc. 28 at 5.) As case support, he cites a district court opinion, a report and recommendation, an order withdrawing a report and recommendation, and a PFRD from this district. (*See id.* at 6 n.2.)

These four opinions, as well as Torres's objections, suffer from the same flaw: they do not explain why a concurring opinion would classify this issue as an "open" question—and then allude to a yet-to-be determined "appropriate resolution"—if *Johnson*, a prior decision, initially recognized the right to challenge sentences imposed during the era of mandatory guidelines. *Beckles*, 137 S. Ct. at 903 n.4. It would be illogical for a concurring justice to recast a right as an open question—especially when she appears to agree with the existence of the right—and likewise unlikely that the majority would fail to address such an attempt. Moreover, as the court

pointed out in *Ellis*, neither the Supreme Court nor the Tenth Circuit has announced the right that Torres relies upon, so there is no right to bind district courts in this circuit.

Nevertheless, given that district courts in other circuits have reached the opposite conclusion and held that a sentence enhancement under the mandatory career offender guideline violates the Due Process Clause of the Fifth Amendment—*see, e.g., Reid v. United States*, --- F. Supp. 3d ---, ---, 2017 WL 2221188, at *5 (D. Mass. May 18, 2017)—the Court grants Torres a certificate of appealability and encourages him to appeal to the Tenth Circuit. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right"); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("[A] petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (quotation and citation omitted).

The Magistrate Judge also recommends denying Torres's Motion for Release on Conditions (Doc. 11) and pro se Motion for Judgment by Default (Doc. 16). (Doc. 25 at 5.) Torres does not object to this disposition, and the motions are otherwise moot.

IT IS THEREFORE ORDERED that:

1) the PFRD is adopted as an order of the Court;

2) Defendant Miguel Torres's motion under 28 U.S.C. § 2255 is denied;

3) this cause is dismissed with prejudice; and

4) a certificate of appealability is granted.

_____
SENIOR UNITED STATES DISTRICT JUDGE